## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SERGIO RODRIGUEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: TBD |
| | ) | State Court Case No. CAL15-26445 |
| NVR INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT
## BY DEFENDANTS NVR, INC. AND NVR MS CAVALIER GREENBELT, LLC

Defendants, NVR, Inc. ("NVR") and NVR MS Cavalier Greenbelt, LLC ("NVR MS") (collectively "Defendants"), by its undersigned counsel, for their Answer to the Complaint of Plaintiff Sergio Rodriguez ("Plaintiff"), state as follows:

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, deny the same.

## COUNT ONE
## (PERSONAL INJURY)

3. Defendants admit that Defendant NVR owned the lot and home site where Plaintiff was working on or about November 20, 2014. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Defendant NVR designs, develops, engineers and constructs homes and buildings. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, deny the same.

7. Defendants deny the allegations contained in the first Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in the second Paragraph 7 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11. Plaintiff's alleged damages were caused by negligent acts and omissions of persons or entities other than Defendants, and whose acts and omissions constitute superseding and intervening causes.

## THIRD AFFIRMATIVE DEFENSE

12. Any alleged damages were caused by and arose out of risk known to and assumed by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff's claim is barred by Plaintiff's contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to mitigate any damages or losses that he allegedly sustained.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the applicable statute of limitations and/or repose including, but not limited to, Md. Code Ann., Cts. & Jud. Proc. §§ 5-101 and 5-108 and Md. Code Ann., Com. Law, § 2-725.

## SEVENTH AFFIRMATIVE DEFENSE

16.  Defendants reserve the right to assert all other affirmative defenses that may be revealed during the course of discovery.

**WHEREFORE**, Defendants, NVR, Inc. and NVR MS Cavalier Greenbelt, LLC, move this Court for an Order dismissing Plaintiff's Complaint against it, with prejudice, at Plaintiff's cost, and awarding it all reasonable attorneys' fees, costs, and other relief favorable to NVR, Inc. and NVR MS Cavalier Greenbelt, LLC that this Court deems just, proper, and equitable.

Respectfully submitted,

_____/s/_____
Timothy L. Mullin, Jr. (Bar # 00082)
tmullin@milesstockbridge.com
Sydney Fairchild Fitch (Bar # 18909)
sfitch@milesstockbridge.com
**MILES & STOCKBRIDGE P.C.**
100 Light Street
Baltimore, Maryland
410-727-6464 (p)
410-385-3700 (f)

**Attorneys for Defendants NVR, Inc.
and NVR MS Cavalier Greenbelt, LLC**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of October, 2015, a copy of the foregoing **ANSWER** was sent, via first-class mail, postage pre-paid, to:

Benjamin S. Salisbury
Kevin P. Sullivan
**SALISBURY SULLIVAN, LLC**
20 S. Charles Street, Suite 1201
Baltimore, MD 21201

**Attorneys for Plaintiff**

_____/s/_____
Timothy L. Mullin, Jr.

4848-0860-7529, v. 1

5